HENDRY, Judge.
Appellant, Joseph B. Reisman, trustee, defendant and counter-plaintiff below, and appellant Lynwood E. Pounds, defendant below, appeal a final summary judgment of the trial court granted in favor of appellee, plaintiff and counter-defendant below.
This action was commenced in the circuit court on October 8, 1974, when appel-lee filed a complaint for refund of a deposit paid under a deposit receipt agreement. Appellee’s complaint alleged the existence of a certain condition, i. e., a building moratorium preventing the issuance of a building permit, against which appellant Reisman had warranted, as grounds for rescission of a land sales contract and refund of the deposit paid under a deposit receipt agreement.
Appellants answered appellee’s complaint admitting, with some exceptions, the allegations concerning the transactions between the parties, but denied the existence of any building moratorium preventing the issuance of a building permit at the time set for closing. Appellant Reisman counterclaimed for specific performance of the land sales contract and, in the alternative, for damages for breach of the land sales contract.
Subsequently, on February 24, 1975, ap-pellee filed a motion for summary judgment supported by various affidavits, exhibits, and depositions. Thereafter, appellants filed an affidavit with exhibits in opposition to appellee’s motion. After a hearing, the trial court on April 16, 1975. entered a final summary judgment in favor of appellee and dismissed with prejudice appellant Reisman’s counterclaim. From the final judgment, appellants bring this appeal.
Appellants contend that the trial court erred in entering the final summary judgment because the evidence created a genuine issue of a material fact, i. e., whether a building moratorium existed which prevented the issuance of a building permit. Ap-pellee contends that there was no genuine issue of any material fact and he was entitled to judgment as a matter of law.
Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., provides, inter alia, as follows :
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In light of this rule, we have carefully reviewed the record and agree with the trial court’s finding that no genuine issue of material fact existed. Absent such issue, appellee was entitled to a judgment as a matter of law. See, e. g., Woroner v. Sochet, Fla.App.1971, 251 So.2d 296; Shafer & Miller v. Miami Heart Institute, Fla.App. 1970, 237 So.2d 310; 2 Fla.Jur., Appeals § 307, and 30 Fla.Jur., Summary Judgment § 12.
We have considered the record, all points in the briefs, and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the summary final judgment appealed is affirmed.
Affirmed.